Shauck, J.
Whether the courts below erred in adjudging that the plaintiffs were not entitled to recover the fees of their counsel on the stipulation of the maker to be liable therefor, if default should be made in payment of the principal and interest, is the only question presented by the record.
In this state it has been firmly established, and long and consistently maintained, that such contracts for the payment of counsel fees upon default in payment of a debt will not be enforced. In State for the Use of the Commissioners v. Taylor et al., 10 Ohio, 378, that conclusion was reached, and it was said that the enforcement of such contracts would result in evasions of the usury laws. The same conclusion was reached in. Shelton et al. v. Gill et al., 11 Ohio, 417; in Martin v. The Trustees, 13 Ohio, 250, and in Leavans v. Bank, 50 Ohio St., 591. In all of these cases the contracts were denounced as contrary to public policy. The conclusion is well sustained by the *193 obvious tendency of such contracts to encourage suits.
Counsel for the plaintiffs admit the authority of these cases and their effect to establish the common law rule of this state as contrary to the view upon which they insist, but they assert that that rule has now been abrogated by Sections 8106 and 8107 of the General Code, which were enacted as Sections 3171 and 3171a of an act entitled “An act to establish a law uniform with the laws of other states on negotiable instruments,” passed April 17, 1902, volume 95 O. L., 162. The former of these sections prescribes the requisites for a negotiable instrument, among which requisites is, that the instrument “must contain an unconditional promise or order to pay a sum certain in money.” . The latter relates to the required certainty, and it provides that “the sum payable is a sum certain within the meaning of this chapter, although it is to be paid * * * 5. With costs of collection or an attorney’s fee in case payment shall not be made at maturity.” These sections will be at once recognized as a part of the negotiable instruments act recently enacted with but slight differences in many of the states. Counsel for the plaintiff assert with confidence, and no one seems to doubt, that the general assembly may by legislative enactment change the common law policy of the state with respect to a subject of the character of this. Proceeding with the contention that the legislature of this state has exercised that power by enacting the sections referred to, they call attention to the wide diversity *194 of decisions in the different states respecting the validity of such stipulations for the payment' of attorney fees, and suggest that if there had been no intention to change the law of this state upon that subject the fiffh paragraph of Section 8107 would have been omitted. A diversity of decision to which that paragraph has obvious reference was not with respect to the validity of stipulations for the payment of attorney fees, but whether the insertion of such a stipulation in an instrument destroyed its negotiable character. One writer on the subject of the act says: “The courts in the various states have been nearly evenly divided on the question of the negotiability of instruments with such provisions.” Sell-over, pp. 59-60. We are not advised that any court of this state has ever been called upon to determine that question. But whether by the common law of the state, a stipulation for the payment of attorney fees destroyed the negotiable character of an instrument in which it was incorporated, or whether that question was undetermined, there was, in either case, an important purpose to be accomplished by the fifth paragraph of the section without assuming that it was intended to give validity to stipulations which were previously invalid. To preserve the negotiable character of an instrument notwithstanding the incorporation of a stipulation for the payment' of attorney fees .the language of the section is entirely appropriate. It contains no language indicative of an intention to change the rule of the common law with respect to the validity of the stipulation.
*195 It is suggested that the general assembly must be presumed to know the common law of the state, and that every section of a statute should be regarded as evincing an intention to . change it. That would indeed be a novel rule of interpretation, and in the days of the codifier it would reach resiilts most confounding. Its impracticability' as a rule of interpretation will at once appear if an attempt be made to apply it to the act of which these two sections form a part. That act has been in force in this state for more than nine years, and to the present' time our attention has been called to but one respect in which- it changes the common law of' the state upon the subject of negotiable instruments. Quite different from the rule suggested is the rule which the wisdom of generations has established: That statutes in derogation of the common law shall not by construction receive a meaning beyond that of the terms which they employ. Certainly this does not mean that such statutes are to be construed in a spirit of hostility, but in its application to the present case it cannot mean less than that the legislative act, which contains language appropriate. only to saving the negotiable character of instruments which contain stipulations for the payment of attorney fees, should not be construed to impart validity to' such stipulations notwithstanding an established rule of the common law to the contrary. It seems to be conclusive of this subject that if, seeking uniformity upon a subject not suggested by the terms of the statute, we should adopt the view urged by counsel for the plaintiffs, the desired result would not be attained, *196 for in some of the states there has been added to the clause which constitutes the fifth paragraph of Section 8107 in our statute, the express provision that it shall not be so construed as to give validity to stipulations for the payment of attorney fees.

Judgment affirmed.

Spear, C. J., Price, Johnson and Donahue, JJ., concur.